# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:12-CR-00016-RWS |
| PAUL L. BLACK and | : | |
| EDNECDIA SUTINA JOHNSON, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case is before the Court for consideration of the Report and Recommendation ("R&R") [109] of Magistrate Judge Gerrilyn G. Brill.  After reviewing the Report and Recommendation and Defendants' Objections thereto [116], the Court enters the following Order.

Defendants move to suppress evidence seized pursuant to a search warrant issued by a Clayton County magistrate judge.  Defendants assert that the warrant was not valid because it was based on evidence obtained by an illegal, warrantless entry into a locked basement room in Defendants' home.  Defendants also move to suppress statements that they made to law enforcement

officers.  Judge Brill found that the entry into the locked basement room by law

enforcement officers was not an illegal entry.  Finding that the entry was

justified by exigent circumstances and by the implied consent of Defendant

Johnson, Judge Brill recommends denial of the Motion to Suppress.

     Defendants' Objections to this recommendation rely on their contention

that there was no exigency that justified the entry into the locked basement

room.  The Court disagrees.  Not only was it reasonable for the officers to enter

the locked room, it would arguably have been unreasonable for them not to.

Judge Brill recounts the events that transpired prior to entry into the room

which justify the actions of the officers.  The officers who arrived on scene had

heard radio traffic that there had been a home invasion and that several

individuals were inside the house.  After arriving, the officers found a kicked-in

front door and a large puddle of blood, a sawed off shotgun, and spent shell

casings in the foyer, as well as two persons with gunshot wounds.  Based on

these facts, the officers were reasonable in concluding that exigent

circumstances existed that justified a protective sweep of the residence. (Tr.-28-

29, 67-71, 216-217, 505).

     In addition to these facts, the presence of a trail of blood in the basement

that led to the door of the locked room and blood smeared on the handle of that

door justified the officers' decision to enter the locked room. (Tr.-83, 85-86, 171-72, 182, 217, 220, 375-76, 493). Defendants assert that even the officers' initial entry into the locked room was legal, their subsequent visits to the room without a warrant were illegal. Further, because they used information gained in those subsequent visits, in the affidavit to obtain the search warrant, the warrant should be suppressed. However, as Judge Brill pointed out in the R&R, the information gained by the officers who initially entered the locked room was sufficient to support the issuance of the warrant. (Tr.-88-90, 220-23, 257, 259-60, 378, 484, 494-95). The Court agrees with this conclusion.

However, Judge Brill recommends suppressing the photographs taken by Detective Stewart who entered the basement room subsequent to the initial search by officers. The Court agrees with Judge Brill's conclusion that these photographs should be suppressed due to Detective Stewart's failure to obtain a warrant before entering to gather that evidence.

Defendants also challenge Judge Brill's recommendations regarding the suppression of their statements. Judge Brill found that the statements are not due to be suppressed because the statements "were either made while the defendant was not in custody, or, in the case of Defendant Johnson, were voluntarily made after waiving Miranda rights." (R&R at 2-3.) The arguments

3

raised by Defendants in their Objections were fully addressed in the R&R.  The Court adopts the findings and conclusions set out therein.

Based on the foregoing, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court.  Accordingly, Defendants' Motion to Suppress [33] and Defendant Johnson's Motion to Suppress Evidence and Motion to Suppress Statements [55 and 56] are **GRANTED IN PART** and **DENIED IN PART**.  The photographs taken by Detective Stewart shall be suppressed, but no other evidence or statements shall suppressed.  Defendant Black's Motion to Suppress Statements [67] is **DENIED**.

**SO ORDERED** this __22nd__ day of July, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)