IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDNECDIA SUTINA JOHNSON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:12-CR-16-RWS-GGB-2 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:15-CV-2014-RWS-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges her judgment of conviction under 28 U.S.C. § 2255. (Doc. 164.)[1] Respondent filed a brief opposing the motion, (Doc. 173), and Movant filed a reply, (Doc. 175). For the reasons discussed below, the motion should be denied.

I.  **Background**

The indictment in this case charged Movant and co-defendant Paul Black with knowingly possessing: (1) at least fifteen counterfeit access devices with intent to defraud; (2) equipment to make counterfeit access devices with intent to defraud; (3) at least five false identification documents (driver's licenses) with intent to unlawfully use those documents; and (4) an implement for use in

---

[1] All citations to the record are to 1:12-cr-16-RWS-GGB.

producing false identification documents with intent for such use.  (Doc. 2.)  The maximum sentence was ten years' imprisonment for count one, fifteen years' imprisonment for counts two and four, and five years' imprisonment for count three.  18 U.S.C. §§ 1028(b)(1)-(2), 1029(c)(1)(A)(i)-(ii).

The facts underlying the crimes are as follows.  (*See* Docs. 119, 159, 172, 175.)  In December 2011, Movant called 911 and reported an invasion at the home she shared with Black.  Upon arriving at the home, police "found a kicked-in front door and a large puddle of blood, a sawed off shotgun, and spent shell casings in the foyer, as well as two persons with gunshot wounds."  (Doc. 119 at 2.)

While performing a security sweep of the house, police discovered "a trail of blood in the basement that led to the door of [a] locked room and blood smeared on the handle of that door."  (*Id.* at 2-3.)  Based on what they saw inside that room, police obtained a search warrant and seized its contents.

The basement room contained multiple computers, machines, and other equipment for making identification documents and financial account access cards, e.g., credit cards.  The room contained over 800 completed cards connected to financial accounts, over 9,000 partially completed cards, and blank card stock with credit card emblems and magnetic strips.  Two handguns and several driver's

2

licenses for different states, all with Movant's photo, also were in the room. Police found approximately $200,000 in cash and jewelry valued at almost $400,000 in other areas of the home.

Movant moved to suppress the evidence found in the house and to suppress statements police said she made to them. (Docs. 33, 55, 56.) I held a three-day evidentiary hearing on those motions. (Docs. 87, 88, 89.) After a transcript of the hearing was prepared, Movant filed a brief supporting the motions and a reply to Respondent's brief. (Docs. 100, 107.)

I recommended that Movant's motions to suppress be denied except as to photographs taken by a police detective of the basement room. (Doc. 109.) Movant filed objections to my report and recommendation. (Doc. 116.) The Honorable Richard W. Story overruled Movant's objections and adopted my recommendation as the opinion of the Court. (Doc. 119.)

In March 2014, Movant entered an unconditional, non-negotiated guilty plea to all counts of the indictment. (Doc. 159.) Movant pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) over Respondent's objection. (*Id.* at 16-25.) Movant denied awareness of or involvement in the fraudulent operation that

3

Black was running out of the basement of their home, but conceded that Respondent could prove her guilt at trial. (*Id.*)

Before accepting the *Alford* plea, Judge Story discussed the ramifications of the plea with Movant and told her that she likely would not receive credit at sentencing for acceptance of responsibility because of her denial of guilt. (*Id.* at 18-20 ("I don't typically . . . give acceptance of responsibility [for *Alford* pleas] so she's kissing away three levels on every one of these crimes if she does that.").) After a break in the hearing and further discussions with her counsel, Movant told the Court that she wanted to proceed with the *Alford* plea. (*Id.* at 22-23.) The Court accepted the plea. (*Id.* at 24-25.)

At sentencing, Respondent presented evidence regarding the amount of financial loss from Movant's crimes, the number of victims, and the firearms found in the basement room. (Doc. 160.) After hearing the evidence and the parties' arguments, the Court agreed with Respondent on those three items and overruled Movant's objections. (*Id.* at 121-24.) Those findings increased the advisory range of imprisonment under the U.S. Sentencing Guidelines (the "Guidelines"). The Court also denied Movant credit under the Guidelines for acceptance of responsibility. (*Id.* at 124-25.)

4

Based on the Court's findings, the Guidelines range was 292 to 365 months' imprisonment. (*Id.* at 125.) Respondent asked the Court to sentence Movant to 240 months' imprisonment. (*Id.* at 128.) The Court sentenced Movant to 180 months, or fifteen years. (*Id.* at 148-49.) The Court imposed the maximum sentence allowed by statute for each of the four crimes – the highest of which was fifteen years – but set the sentences to run concurrently. (*Id.*)

Movant, through counsel, filed a notice of appeal in January 2015. (Doc. 145.) In May 2015, the court of appeals dismissed the appeal for want of prosecution because Movant had not paid the filing fee or filed a motion to proceed *in forma pauperis*. (Doc. 163.) In her reply brief in support of her § 2255 motion, Movant said she "was ensured by counsel, once she received the notice that fees had not been paid, by counsel, that the fees had been paid and the appeal was in process." (Doc. 175 at 7.) When Movant later received the appellate court's dismissal, she "attempted to contact counsel, to no avail, via phone and written correspondence." (*Id.*) Movant filed her § 2255 motion promptly after her appeal was dismissed. (Doc. 164.)

5

Movant asserts eight grounds for relief in her § 2255 motion, which challenge the indictment, the search of her home, her purported statements to police, and the Court's findings at her sentencing hearing. (*Id.* at 4-8, 13-15.) Specifically, Movant claims in ground five that the indictment was "multiplicitous" and duplicitous, although she does not explain why that is so. (*Id.* at 13.) In grounds three and six, Movant claims that the police's initial search of her home and later search pursuant to a warrant were unconstitutional. (*Id.* at 6, 14.) Movant claims in grounds four and seven that any purported oral or written statements to police were unlawfully obtained. (*Id.* at 8, 14.) Finally, Movant claims in grounds one, two, and eight that the Court erred by enhancing her sentence based on facts not found by a jury and by not giving her credit for acceptance of responsibility. (*Id.* at 4-5, 14-15.)

Respondent contends that Movant's claim are procedurally defaulted because she did not raise them on direct appeal. (Doc. 173.) In response, as noted above, Movant argues that the appeal was dismissed only because her counsel failed to pay the filing fee despite assuring her he had done so. (Doc. 175 at 7.)

6

## II. The Standard For Relief Under § 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

"To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).  An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).

## III. Analysis

To avoid procedurally defaulting a claim, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255

7

proceeding." *Geter v. United States*, 534 F. App'x 831, 835 (11th Cir. 2013). It is undisputed that Movant's claims could have been asserted on direct appeal but were not. The claims are thus procedurally defaulted.

A § 2255 movant may overcome a procedural default by showing either: (1) cause for not raising the claim on appeal and actual prejudice from the claim; or (2) actual innocence. *Id.* To show cause, a movant must show that some objective factor external to the defense prevented her from raising her claims on direct appeal and that this factor cannot be fairly attributable to her own conduct. *Id.* at 835-36. Ineffective assistance of counsel may serve as the cause. *Id.* at 836.

Movant's allegation that her counsel failed to file the appeal filing fee despite assuring her he had done so, if true, supports a finding that her counsel was ineffective and that counsel's conduct caused the procedural default. The Court need not resolve that issue, however, because Movant's claims fail even if they were not defaulted and even if Movant overcame the default.

All of Movant's claims except the three regarding sentencing are barred because she waived those claims by pleading guilty. A defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v.*

8

*Henderson*, 411 U.S. 258, 267 (1973). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quotation marks omitted). Movant's claims not related to sentencing do not challenge jurisdiction or the validity of her plea.[2] Those claims – in grounds three through seven of her § 2255 motion – are thus barred.

Movant's Fourth Amendment claims also are barred because she had a full and fair opportunity to litigate them in this case. When a defendant has "an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that [the defendant] . . . be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481-82 (1976) (so holding as to state prisoners); *see Ray v. United States*, 721 F.3d 758, 761-62

---

[2] Any challenge to the plea would fail, as the record demonstrates that Movant's plea was knowing and voluntary. As discussed above, the Court and Movant's counsel discussed at length with Movant the consequences of an *Alford* plea, including that she likely would not receive sentencing credit for acceptance of responsibility. *Supra* Part I; Doc. 159. The record demonstrates that Movant understood those consequences, as well as her other options, when she chose the *Alford* plea.

9

(6th Cir. 2013) ("[F]ree-standing Fourth Amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255 . . . ."); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009) ("This Court has determined that the principles of *Stone* apply equally to § 2255 motions."); *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003) (same); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) (same). Movant had a full and fair opportunity to litigate her Fourth Amendment challenge in this case and actually did so – she asserted her Fourth Amendment claims in a motion to suppress evidence, which the Court adjudicated after an extensive evidentiary hearing and briefing. *See supra* Part I.

Movant's remaining claims, which challenge her sentence, are procedurally defaulted because she did not raise them on direct appeal. Even if Movant overcame that default, the claims lack merit for the following reasons.

First, Movant wrongly contends in grounds one and two that juries are required to find the facts the Court found at sentencing regarding the number of victims, loss amount, and possession of firearms in connection with the crimes. "[A] district court may make guidelines calculations based on judicial factfindings so long as those findings do not increase the *statutory* minimum or maximum authorized by facts determined in a guilty plea or jury verdict." *United States v.*

*Aurelhomme*, 598 F. App'x 645, 647 (11th Cir. 2015) (citing *United States v. Charles*, 757 F.3d 1222, 1225 (11th Cir. 2014)).  The U.S. Supreme Court noted in its most recent ruling on this issue that federal judges may continue to find facts that do not impact the range of imprisonment set by statute for the crime.  *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013).

The Court's factual findings at sentencing affected only the advisory Guidelines range, not the range of imprisonment set by statute for Movant's crimes.  As discussed above, the Court did not impose a sentence above the statutory maximum, and the statutes for Movant's crimes do not set a minimum sentence.  *Supra* Part I; *see* 18 U.S.C. §§ 1028(b)(1)-(2), 1029(c)(1)(A)(i)-(ii); Doc. 160.  "Because the enhancement[s] applied to [Movant] only affected her Sentencing Guidelines range, not her statutory mandatory minimum or maximum, her reliance on [cases like] *Alleyne* is misplaced."  *See United States v. Rivera*, 558 F. App'x 971, 976 (11th Cir. 2014).

Finally, Movant is not entitled to relief on ground eight of her § 2255 motion because the Court did not err in denying her credit under the Guidelines for acceptance of responsibility.  The U.S. Court of Appeals has approved the denial of such credit where "the record reveals that the sentencing judge did not treat the

11

*Alford* plea as an automatic bar to an adjustment for acceptance of responsibility, but rather considered the plea along with other appropriate evidence in denying the reduction." *United States v. Rodriguez*, 905 F.2d 372, 373 (11th Cir. 1990).

The record here demonstrates that the Court denied credit for acceptance of responsibility not simply because Movant entered an *Alford* plea, but because the Court found "a significant lack of acceptance" of responsibility on Movant's part. (Doc. 160 at 124-25 (noting that "it wasn't just because it was an *Alford* plea").) Indeed, Movant persisted in denying guilt for her crimes even at sentencing, when she said that she "did not knowingly, willingly aid and abet or any of the other adjectives on the indictment." (*Id.* at 138.)  The credit is warranted only where the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a).  A defendant may make that demonstration even after a trial, but also "may plead guilty to the offense charged without demonstrating such an acceptance of responsibility." *Rodriguez*, 905 F.2d at 374.  Simply pleading guilty is not enough. *Id.*; *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005) (defendant "must present more than just a guilty

12

plea" (quotation marks omitted)).  Movant has not shown that the Court erred by denying her credit under the Guidelines for acceptance of responsibility.[3]

## IV. Certificate Of Appealability ("COA")

A federal prisoner may not appeal the denial of her § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

---

[3] And even if she had, Movant has not shown that the alleged error prejudiced her, i.e., that she would have received a lesser sentence if the Court had given credit for acceptance of responsibility.  The Court imposed a sentence of imprisonment that was 112 months below the bottom end of the Guidelines range and that was the maximum allowed by statute.  *Supra* Part I; (Doc. 160.)

It is not reasonably debatable that Movant's claims in her § 2255 motion relating to pre-plea matters are barred and that her sentencing claims, if not also barred, lack merit. Because Movant has not substantially shown that she was denied a constitutional right, a COA is not warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack v . McDaniel*, 529 U.S. 473, 483-84 (2000).

## V.   Conclusion

For the foregoing reasons, I **RECOMMEND** that Movant's § 2255 motion [164] be **DENIED** and that civil action number 1:15-cv-2014-RWS-GGB be **DISMISSED**. I further **RECOMMEND** that a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 3rd day of November, 2015.

*/s/ Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE