IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDNECDIA SUTINA JOHNSON,<br>Movant, | ::<br>::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:12-CR-16-RWS-GGB-2 |
| UNITED STATES OF AMERICA,<br>Respondent. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:15-CV-2014-RWS-GGB |

**<u>ORDER</u>**

In March 2014, Movant unconditionally pled guilty to an indictment charging her with four crimes regarding the possession of counterfeit financial access devices and false identification documents.  (Doc. 159.)  Movant chose to plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and the Court accepted the plea after discussing the ramifications of it with Movant.  (*Id.*)

The Court later sentenced Movant to fifteen years's imprisonment. (Doc. 160.) That was the maximum sentence allowed by statute unless the Court ordered the sentences for the four crimes to run consecutively, which it did not.  (*Id.*) Fifteen years was five years less than Respondent sought and over nine years less than the low end of the advisory range of imprisonment calculated under the U.S. Sentencing Guidelines (the "Guidelines").  (*Id.*)

Movant appealed, but her appeal was procedurally dismissed because, she says, her lawyer failed to pay the filing fee despite assuring her he had done so. (Docs. 163, 164.) Within days of the dismissal, Movant filed a motion challenging her judgment of conviction under 28 U.S.C. § 2255. (Doc. 164.)

In her § 2255 motion, Movant challenges the indictment, the search of her home, her purported statements to police, and her sentence. (*Id.*) Magistrate Judge Brill issued a Report and Recommendation ("R&R") that the motion be denied. (Doc. 181.) Judge Brill found that the non-sentencing claims, which are not jurisdictional, are procedurally defaulted and barred by Movant's guilty plea. (*Id.* at 8-10.) Judge Brill found that Movant's Fourth Amendment claims also are barred because Movant had a full and fair opportunity to litigate them during the extensive pre-trial proceedings on the Fourth Amendment issues. (*Id.*) Finally, Judge Brill found that Movant's sentencing claims are procedurally defaulted but lack merit even if there was a basis to excuse the default. (*Id.* at 10-13.) Movant filed objections to the R&R. (Doc. 183.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to

2

which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R

for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*,

208 F. App'x 781, 784 (11th Cir. 2006); *see* Fed. R. Civ. P. 72(b).

Movant asserts that "[c]ontrary to the Magistrates' Recommendation and

assessment, the Movant's claims are not barred by pleading guilty." (Doc. 183 at 10.)

Movant cites no law supporting that proposition as to her non-sentencing claims. (*Id.*)

A guilty plea "waives all nonjurisdictional challenges to the constitutionality of the

conviction, and only an attack on the voluntary and knowing nature of the plea can be

sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008)

(quotation marks omitted). Movant's claims that her indictment was duplicitous and

that police unlawfully searched her home and obtained statements from her are thus

barred by her guilty plea.

Movant appears to contend in her objections that her plea is invalid because she

"is not remotely related or responsible for the illegal equipment found in the basement

of the home that she shared with the co-defendant." (Doc. 183 at 4.) Movant asserted

that at her plea hearing when she chose to enter an *Alford* plea; she denied

participation in the crimes but conceded that Respondent had sufficient evidence to

prove her guilt at trial. As correctly noted in the R&R, the transcript of the plea

3

hearing demonstrates that Movant entered her *Alford* plea voluntarily and with full awareness of the rights she was waiving and the consequences of the plea. (Doc. 181 at 9 n.2; Doc. 159.) The Court also found a sufficient factual basis for the plea. (Doc. 159.) Movant's plea is valid and bars her non-sentencing claims.

Movant's sentencing claims fail for the reasons discussed in the R&R. First, the Court did not err in finding facts that increased the advisory range of imprisonment under the Guidelines because none of those findings changed the statutory range of imprisonment for Movant's crimes. *See Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013). And the Court did not sentence Movant to a term of imprisonment exceeding the statutory maximum for any of her crimes. (Doc. 160 at 148-49.)

Second, Movant has shown no error in the Court's decision not to give her credit under the Guidelines for acceptance of responsibility. The Court did not deny that credit because Movant entered an *Alford* plea, but because the Court found from all the facts and circumstances, including its interactions with Movant in two court proceedings, that Movant had not accepted responsibility. (*See* Doc. 160 at 124-25.) Movant also has not shown that the Court would have imposed a lower sentence if it had given her credit under the Guidelines for acceptance of responsibility. The Court imposed a sentence well below what the Guidelines recommended.

4

Finally, Movant's current arguments that the Court erroneously applied Guidelines sentence enhancements for the number of victims, loss amount, and possession of a firearm in connection with her crimes simply rehashes her objections to those enhancements at sentencing. The Court received testimony and documentary evidence supporting its findings on those issues. (Doc. 160 at 5-75.) Counsel for both parties then extensively argued the factual issues. (*Id.* at 75-115.) Movant has neither shown error in the Court's factual findings nor shown that the Court would have imposed a lesser sentence absent those findings, which affected the advisory range of imprisonment under the Guidelines.

For all those reasons, Movant's objections to the R&R lack merit. The Court **OVERRULES** the objections [183] and **ADOPTS** the R&R [181] as the opinion of the Court. Movant's § 2255 motion [164] and a certificate of appealability are **DENIED**.

**SO ORDERED** this _10th_ day of _December_, 2015.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5